# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

August 11, 2011

Kevin E. Barber, Esq.
Niedweske Barber, LLC
98 Washington Street
Morristown, New Jersey 07960
    (*Attorney for Plaintiff/Cross-Respondent*)

David E. Strand, Esq.
Jason Alex Storipan, Esq.
Fisher & Phillips, LLP
430 Mountain Avenue
Murray Hill, NJ 07974
    (*Attorneys for Defendant/Cross-Petitioner*)

    **RE:   McCafferty v. A.G. Edwards & Sons, Inc., Civ. No. 11-517 (WJM)**

Dear Counsel:

    This matter concerns an arbitration originally initiated by Plaintiff Brian McCafferty against his former employer, Defendant A.G. Edwards & Sons (now Wells Fargo Advisors, LLC) ("Defendant").  Plaintiff filed a complaint in state court, looking to vacate the November 24, 2010 Arbitration Award that was entered against him in the arbitration, which was conducted pursuant to the Financial Industry Regulatory Authority ("FINRA") dispute resolution procedures.  Plaintiff claims that the arbitration was improper as there was a "non-public" arbitrator on the panel which, under FINRA Rule 13802, is not allowed where the Plaintiff has made a "statutory employment discrimination" claim.  Defendant, after removing the case to this Court, filed the instant motion to dismiss and cross-motion to confirm the arbitration award, claiming that the arbitration was done properly.  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons that follow, Defendant's motion to dismiss and cross-motion to confirm the arbitration are granted.

**I.   BACKGROUND**

Plaintiff was a branch manager at A.G. Edwards & Sons in Morris County, New Jersey, and claims that as a result of his whistle blowing conduct, he was adversely treated and retaliated against. (Compl. ¶¶ 3-4.) As such, on or about August 11, 2007, Plaintiff filed a nine-count FINRA Statement of Claim against Defendant. (Compl. ¶ 5.) Included in this Statement of Claim was, among other allegations, an allegation under the New Jersey Conscientious Employee Protection Act ("CEPA"). (Compl. ¶ 6.) The arbitration was heard and decided by a panel of three arbitrators: two public, and one non-public. (Compl. ¶¶ 7-9.) After eight days of hearings, on November 24, 2010, the FINRA panel found in favor of the employer, Defendant, and issued an award for $160,906.86[1] against Mr. McCafferty. (Def.'s Moving Br. at 1.) Plaintiff then filed a complaint seeking to vacate the arbitration award. In response, Defendant filed the instant motion to dismiss and cross-motion to confirm the arbitration award.

**II.  DISCUSSION**

Plaintiff's one-count complaint alleges that the arbitration panel lacked jurisdiction, exceeded its powers, or otherwise acted imperfectly in violation of N.J. Stat. 2A:24-8. Specifically, Plaintiff claims that the panel was improperly constituted because one of its members was a non-public arbitrator. Plaintiff claims the panel should have been comprised of three public arbitrators, because his allegations included a statutory employment discrimination claim, which requires that the panel be entirely of "public arbitrators...unless the parties agree in writing otherwise." FINRA Rule 13802(c)(2).

Defendant, however, argues that (1) Plaintiff's nine-count FINRA Statement of Claim did not include a statutory employment discrimination claim because his CEPA claim does not count as one, and (2) even if Plaintiff had included a statutory employment discrimination claim, he agreed in writing to permit the non-public arbitrator to proceed on the panel.[2] In its reply brief, Defendant further adds an argument regarding

---

[1] Though Defendant's papers refer to an award of $160,912.81, the award listed in the FINRA panel's decision is $128,860.51 in compensatory damages, $27,046.35 in interest, and $5,000 in attorney's fees, for a total of $160,906.86. (Def.'s Moving Br., Ex. G, at 3.)

[2] Defendant also argued in its Moving Brief that Plaintiff's Complaint was untimely, as parties only have thirty days in which to file a motion to vacate after an arbitration award is granted. However, Plaintiff explained in his Opposition Brief how the delay was covered by holidays and court-closings due to inclement weather, and Defendant left the argument regarding timeliness out of its Reply Brief. As the Court agrees with Plaintiff's calculations, timeliness of

overreaching, namely that even if Plaintiff's one CEPA claim constitutes a statutory employment discrimination claim, there is no basis for vacating the entire arbitration award. Defendant further moves to have the arbitration award confirmed.

### A. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true,[3] the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Furthermore, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility..." *Iqbal*, 129 S.Ct. at 1949 (2009).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

---

the Complaint is no longer at issue.

[3] This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### B. Standard for Vacating an Arbitration Award

Plaintiff's one-count Complaint claims that the Arbitration Award should be vacated. Arbitration awards are generally presumed to be correct, and may only be vacated in narrow circumstances. For example, even where the Court feels the arbitrator made a factual or legal error, this alone is not enough to support vacatur. *Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs,* 357 F.3d 272, 279-80 (3d Cir. 2004). Instead, Section 10(a) of the Federal Arbitration Act ("FAA") provides that a Court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrator;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The Third Circuit has further recognized that an arbitration award may be vacated where: (1) the award is completely irrational; (2) the arbitrator shows "manifest disregard" for the law; or (3) the award violates "clearly defined and dominant public policy." *TQM Constr. Co. v. N.J. Bldg. Constr. Laborers Dist. Council, Local 394*, Civ. No. 11-831, 2011 U.S. Dist. LEXIS 37222, *7-*8 (D.N.J. Apr. 4, 2011).

### C. Applicability of FINRA Rule 13802(c)(2)

Plaintiff's one-count Complaint essentially argues that the arbitration award must be vacated under Section 10(a)(4), as the arbitrators exceeded their powers since the panel was improperly constituted. This argument relies on the applicability of FINRA Rule 13802(c)(2) to this arbitration. Rule 13802(c)(2) requires that the panel be made up entirely of "public arbitrators...unless the parties agree in writing otherwise," and here, the panel included one non-public arbitrator. However, Rule 13802(c)(2) only applies to the arbitration of statutory employment discrimination claims. Plaintiff argues that Count Eight of his Statement of Claim, a CEPA claim, is a statutory employment discrimination claim that implicates Rule 13802(c)(2). Defendant, on the other hand, argues that CEPA

4

is just a whistle-blower statute, not an employment discrimination statute, and that as such, Rule 13802(c)(2) does not apply.

CEPA prohibits an employer from taking retaliatory action against employees who "object to employer conduct that they reasonably believe to be unlawful or indisputably dangerous to the public health, safety or welfare." *Dswonar v. McDevitt*, 177 N.J. 451, 464 (2003). The purpose behind the statute is to "protect and encourage employees who report illegal or unethical workplace activities." *Donelson v. DuPont Chambers Works*, 412 N.J. Super. 17, 29 (App. Div.), *cert. granted, in part*, 203 N.J. 95 (2010). For comparison, the objective of the New Jersey Law Against Discrimination ("NJLAD"), is to "abolish discrimination in the workplace." *Abbamont v. Piscataway Twp. Bd. of Educ.*, 138 N.J. 405, 430 (1994). The New Jersey Supreme Court has recognized that CEPA and NJLAD have the same underlying public policies, and has stated that "CEPA, like [NJLAD], is a civil rights statute." *Carmona v. Resorts International*, 189 N.J. 354, 371 (2007); *Abbamont*, 138 N.J. at 431 (same). However, the issue at hand is not whether CEPA is based on the same public policies as NJLAD, but whether CEPA is an employment discrimination statute like NJLAD.

Plaintiff is correct that both CEPA and NJLAD are civil rights statutes. However, it does not automatically follow that both are discrimination statutes. Anti-discrimination statutes protect employees from being subject to adverse action due to their status, whereas whistle-blower protection statutes prevent employees from being retaliated against due to their actions or conduct. Defendant points to a New Jersey Appellate Division case that specifically states that CEPA differs from a statute prohibiting employment discrimination because it seeks to protect employees who might be targeted because of their actions, rather than because of their membership within a specific class. *See Littman v. Morgan Stanley Dean Witter*, 337 N.J. Super 134, 145 (App. Div. 2001). Plaintiff attempts to distinguish *Littman* on the grounds that the dispute there pertained to the arbitrability of a claim and not the procedure used during the arbitration. (Pl.'s Sur-Reply Br. at 1.) However, regardless of any distinction between the dispute in *Littman* and the dispute here, the *Littman* case still provides instructive guidance regarding the purpose behind CEPA and how CEPA differs from a standard employment discrimination claim. *See Littman*, 337 N.J. Super at 145-146 (noting that CEPA was passed to provide a "statutory exception to the general rule that an employer can terminate an at will employee with or without cause").

FINRA defines a "statutory employment discrimination claim" as a "claim alleging employment discrimination, including a sexual harassment claim, in violation of a statute." FINRA Rule 13100(y). FINRA Rule 13201 then provides that such a claim "is not required to be arbitrated under the [FINRA] Code...[and] may be arbitrated only if the

parties have agreed to arbitrate it." FINRA Rule 13102. If the parties do agree to arbitrate, then Rule 13802, the rule at issue in this case, governs the applicable procedures. First, it should be noted that the parties never seemed to believe arbitration was voluntary in this case, making Plaintiff's current claim at this juncture that CEPA is an employment discrimination statute somewhat tenuous. Second, when Rule 13102 was originally passed, the SEC's order approving the rule specifically limits its application to civil rights violations where employees claim that they were discriminated against because of immutable characteristics. *See* Securities Exchange Act Release No. 40109, 63 Fed. Reg. 35299 (June 22, 1998). The SEC specifically stated that the rule does not apply to claims "created solely by judicial precedents or other causes of action," such as "claims alleging wrongful discharge without any accompanying claim of discrimination on account of age, sex, race, or other status protected by a specific law." *Id.* at 8. The SEC recognized that statutory employment anti-discrimination provisions are "an important part of this country's efforts to prevent discrimination," and that therefore "in this unique area, [FINRA] will not, as a self-regulatory organization, require arbitration." *Id.* at 17.

The unique issues surrounding employment discrimination claims led the SEC to provide an exception to the normal rule requiring arbitration, and similarly led the SEC to provide that should such an arbitration take place, the panel should only include public arbitrators. *See* FINRA Rule 13802. The purpose behind these added protections is the ongoing need to curb industry-wide discrimination against individuals of a particular race, age group, sex, or other protected class. The CEPA protections for whistleblowers, on the other hand, do not require such extra care, as those protections relate to an employee's actions and not to their immutable characteristics. As such, the Court finds that CEPA should not be considered an employment discrimination statute for FINRA purposes, and therefore Rule 13802 does not apply to Plaintiff's claims. Since Plaintiff's Complaint requesting that the arbitration award be vacated is premised on Rule 13802's requirement that the arbitration panel include only public arbitrators, the Court further finds that Plaintiff has failed to state a claim upon which relief may be granted, and the Complaint must be dismissed.[4]

> **D.** **Cross-Motion to Confirm the Arbitration Award**

---

[4] Since dismissal of Plaintiff's Complaint is proper based solely on this issue, Defendant's additional arguments, regarding Plaintiff's alleged waiver of his objection to the panel's composition and his alleged overreaching, need not be addressed.

Defendant further seeks an order confirming the November 24, 2010 Arbitration Award in the amount of $160,906.86.[5]  Under Section 9 of the FAA, courts must confirm an arbitration award, unless the award is "vacated, modified, or corrected" under Sections 10 or 11 of the FAA.  9 U.S.C. § 9.  Here, Plaintiff's only argument for vacatur has been dismissed, and the Court sees no other reason for the award to be vacated, modified or corrected.  As such, since the Arbitration Award was decided upon in accordance with proper procedures, the Court finds that the November 24, 2010 must be confirmed.

### III. CONCLUSION

For the foregoing reasons, Defendant/Cross-Petitioner's motion to dismiss and to cross-motion to confirm the arbitration award are **GRANTED**.  An Order follows this Letter Opinion.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

---

[5] As explained above, though Defendant's papers refer to an award of $160,912.81, the award listed in the FINRA panel's decision is $128,860.51 in compensatory damages, $27,046.35 in interest, and $5,000 in attorney's fees, for a total of $160,906.86. (Def.'s Moving Br., Ex. G, at 3.)